Peter Anderson, Esq. (Cal. Bar No. 88891)
        peteranderson@dwt.com
Heather Canner, Esq. (Cal. Bar No. 292837)
        heathercanner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff
THE FILM ARCADE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THE FILM ARCADE, LLC, a California limited liability company, | Case No. 2:20-cv-2780 |
| Plaintiff, | COMPLAINT FOR BREACH OF WRITTEN CONTRACTS; AND AN ACCOUNTING |
| vs. | |
| OA ACQUISITIONS LLC, a New York limited liability company; and FILMRISE ACQUISITIONS LLC, a New York limited liability company, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff The Film Arcade, LLC ("Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), insofar as the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is between citizens of different States.

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. § 1391(b)(3), insofar as at least one defendant is subject to the Court's personal jurisdiction here.

3.      The Court has personal jurisdiction over each defendant either because each defendant is domiciled in this State or because the claim arises out of or relates to the defendant's California-related activities purposefully directed to or conducted in this State, including defendants' express assumption of ongoing accounting and other contractual obligations to Plaintiff in this State, and the exercise of personal jurisdiction is reasonable.

## THE PARTIES

4.      Plaintiff is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in the Central District of California.

5.      Plaintiff is informed and believes, and upon that basis alleges, that:

(a)      defendant OA Acquisitions LLC (defendant "OA Acquisitions") is a New York limited liability company with its principal place of business in New York;

(b)      defendant FilmRise Acquisitions LLC (defendant "FilmRise") is a New York limited liability company with its principal place of business in New York; and

(c)      each of defendants' respective members are domiciled in New York or another State other than California.

1

## FACTUAL BACKGROUND

### Plaintiff's 2015 Contracts with the Sub-Distributor, Our Alchemy, LLC

6. Plaintiff is a motion picture producer and distributor.

7. In or prior to 2015, Plaintiff acquired the rights to distribute the three motion pictures titled, *Unexpected*, *James White*, and *People Places Things* (the "Pictures").

8. In or about 2015, Plaintiff and Our Alchemy, LLC ("Alchemy") entered into the following written contracts:

(a) A written Acquisition Agreement dated as of May 15, 2015 (the "*Unexpected* Contract"), pursuant to which Plaintiff granted to Alchemy certain rights to distribute *Unexpected* and Alchemy agreed to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *Unexpected* Contract;

(b) A written Acquisition Agreement dated as of August 12, 2015 (the "*People* Contract"), pursuant to which Plaintiff granted to Alchemy certain rights to distribute *People Places Things* and Alchemy agreed to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *People* Contract; and

(c) A written Acquisition Agreement dated as of November 1, 2015 (the "*James White* Contract"), pursuant to which Plaintiff granted to Alchemy certain rights to distribute *James White* and Alchemy agreed to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *James White* Contract.

The *Unexpected* Contract, the *People* Contract, and the *James White* Contract are hereinafter collectively referred to as the "Contracts."

2

**Defendants' Assumption of Alchemy's**

**Obligations to Plaintiff Under the Contracts**

9.　In or about 2018, Alchemy came under the jurisdiction and administration of the United States Bankruptcy Court (the "Alchemy Bankruptcy").

10.　Defendant OA Acquisitions and the Trustee in the Alchemy Bankruptcy entered into a written Purchase and Sale Agreement dated as of July 3, 2018, and thereafter entered into a written Amended Purchase and Sale Agreement dated as of September 7, 2018 (the "Amended Purchase and Sale Agreement"), with defendant Filmrise expressly guaranteeing defendant OA Acquisitions' performance of its obligations under the Amended Purchase and Sale Agreement.

11.　On or about September 17, 2018, the Bankruptcy Court entered its Order that, *inter alia*, approved the Amended Purchase and Sale Agreement.

12.　Pursuant to the express terms of the Amended Purchase and Sale Agreement:

(a)　defendant OA Acquisitions acquired, *inter alia*, rights that Alchemy had acquired from Plaintiff to distribute each of the Pictures;

(b)　defendant OA Acquisitions assumed Alchemy's obligations to Plaintiff under each of the Contracts, including the obligations to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in each of the Contracts; an d

(c)　defendant FilmRise guaranteed OA Acquisitions' performance of its obligations under the Amended Purchase and Sale Agreement.

Plaintiff is an express beneficiary of the Amended Purchase and Sale Agreement.

13.　Plaintiff is informed and believes, and upon that basis alleges, that defendant FilmRise has succeeded to some or all of the rights acquired by defendant OA Acquisitions with respect to the Pictures and also assumed the obligations to

render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in each of the Contracts.

**Defendants' Failure to Render Accountings and Pay Plaintiff**
**with Respect to Defendants' Exploitation of the Pictures**

14.    Plaintiff is informed and believes, and upon that basis alleges, that defendants have distributed or otherwise exploited each of the Pictures.  Defendants, however, have failed to render any accountings or may any payments to Plaintiff with respect to the Pictures, or any of them.

15.    On or about December 12, 2019, Plaintiff's counsel wrote defendants OA Acquisition and FilmRise, raising defendants' failure to perform the obligations they had assumed and demanding that they account to and pay Plaintiff with respect to defendants' exploitation of the Pictures, and each of them.

16.    On or about January 8, 2020, defendants sent Plaintiff's counsel an e-mail stating that defendants had just received Plaintiff's December 12, 2019, demand and that "[w]e are working on the statements and will get them out to you within the next few days."  However, defendants failed to provide the promised accountings or any payments.

17.    On or about January 23, 2020, defendants sent Plaintiff's counsel an e-mail stating "[t]he report is being circulated internally for signoff.  Hoping to get it out early next week as a few executives are at Napte this week."  However, defendants again failed to provide the promised accountings or any payments.

18.    On or about February 7, 2020, defendants sent Plaintiff's counsel an e-mail stating "[j]ust 30 minutes ago I went over to the accountant and pushed.  I'm hoping to get it on Monday.  I'm pushing to get it on Monday."  However, defendants still have not provided the promised accountings or any payments.

///

///

4

**<u>FIRST CLAIM FOR RELIEF</u>**

**(For Breach of Written Contract with respect to the Movie, *Unexpected*)**

**(Against All Defendants)**

19.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 18, both inclusive, above, as if set forth herein.

20.   Plaintiff has performed all obligations to be performed by Plaintiff, and satisfied all conditions to be satisfied by Plaintiff, under the *Unexpected* Contract and the Amended Purchase and Sale Agreement, or such performance and satisfaction has been excused by reason of defendants' breaches.

21.   Defendants have materially breached the *Unexpected* Contract and their obligations to Plaintiff under the Amended Purchase and Sale Agreement, including, *inter alia*, by failing to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *Unexpected* Contract.

22.   As a direct and proximate result of defendants' breaches, Plaintiff has suffered and continues to suffer substantial damages, in an amount according to proof but in excess of $75,000, plus prejudgment interest at the rate of ten percent per annum pursuant to California Civil Code Sections 3287(a) and 3289(b).

**<u>SECOND CLAIM FOR RELIEF</u>**

**(For Breach of Written Contract with**

**respect to the Movie, *Peoples Places Things*)**

**(Against All Defendants)**

23.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 18, both inclusive, above, as if set forth herein.

24.   Plaintiff has performed all obligations to be performed by Plaintiff, and satisfied all conditions to be satisfied by Plaintiff, under the *Peoples* Contract and the Amended Purchase and Sale Agreement, or such performance and satisfaction has been excused by reason of defendants' breaches.

5

25.    Defendants have materially breached the *Peoples* Contract and their obligations to Plaintiff under the Amended Purchase and Sale Agreement, including, *inter alia*, by failing to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *Peoples* Contract.

26.    As a direct and proximate result of defendants' breaches, Plaintiff has suffered and continues to suffer substantial damages, in an amount according to proof but in excess of $75,000, plus prejudgment interest at the rate of ten percent per annum pursuant to California Civil Code Sections 3287(a) and 3289(b).

## THIRD CLAIM FOR RELIEF

**(For Breach of Written Contract with respect to the Movie, *James White*)**

**(Against All Defendants)**

27.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 18, both inclusive, above, as if set forth herein.

28.    Plaintiff has performed all obligations to be performed by Plaintiff, and satisfied all conditions to be satisfied by Plaintiff, under the *James White* Contract and the Amended Purchase and Sale Agreement, or such performance and satisfaction has been excused by reason of defendants' breaches.

29.    Defendants have materially breached the *James White* Contract and their obligations to Plaintiff under the Amended Purchase and Sale Agreement, including, *inter alia*, by failing to render written periodic accountings to Plaintiff and to pay to Alchemy a portion of the monies derived from the exploitation of the rights granted to Alchemy in the *James White* Contract.

30.    As a direct and proximate result of defendants' breaches, Plaintiff has suffered and continues to suffer substantial damages, in an amount according to proof but in excess of $75,000, plus prejudgment interest at the rate of ten percent per annum pursuant to California Civil Code Sections 3287(a) and 3289(b).

///

6

## FOURTH CLAIM FOR RELIEF

### (For an Accounting)

### (Against All Defendants)

31.     Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 18, inclusive, above, as if set forth herein.

32.     Defendants are indebted to Plaintiff in amounts unknown to Plaintiff, who requires a full and complete accounting from defendants of any and all monies and benefits obtained by defendants by reason of their exercise of the rights Plaintiff granted to Alchemy under the Contracts.

## PRAYER

**WHEREFORE,** plaintiff The Film Arcade prays for judgment as follows:

1.     On the first claim for relief against all defendants for breach of written contract regarding the motion picture, *Unexpected*, compensatory damages according to proof;

2.     On the second claim for relief against all defendants for breach of written contract regarding the motion picture, *People Places Things*, compensatory damages according to proof;

3.     On the third claim for relief against all defendants for breach of written contract regarding the motion picture, *James White*, compensatory damages according to proof;

4.     On the fourth claim for relief against all defendants for an accounting, a judgment and decree awarding Plaintiff all amounts due to Plaintiff from defendants, and each of them;

5.     For Plaintiff's costs of suit and attorney's fees;

///

///

///

///

7

6.     For prejudgment interest on all sums awarded to Plaintiff; and

7.     For such other and further relief as the Court deems just and proper.

Dated: March 25, 2020

/s/ Peter Anderson
Peter Anderson, Esq.
Heather Canner, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
THE FILM ARCADE, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all matters for which it is entitled to a jury determination.

Dated: March 25, 2020

_/s/ Peter Anderson_
Peter Anderson, Esq.
Heather Canner, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
THE FILM ARCADE, LLC

9