# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-2780 FMO (JPRx) | Date | April 7, 2020 |
|---|---|---|---|
| Title | The Film Arcade, LLC v. OA Acquisitions LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present     None Present

**Proceedings:**    (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

    On March 25, 2020, plaintiff The Film Arcade, LLC ("plaintiff") filed a Complaint (Dkt. 1), in this court against defendants OA Acquisitions LLC ("OA") and Filmrise Acquisitions LLC ("Filmrise") (collectively, "defendants"). (See Dkt. 1, Complaint). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See id. at ¶ 1).

    When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

    Here, plaintiff alleges that defendants are "New York limited liability compan[ies] with [their] principal place of business in New York[.]" (Dkt. 1, Complaint at ¶ 5). Plaintiff also alleges that "each of defendants' respective members are domiciled in New York or another State other than California[,]" but does not specify which state. (Id.). To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611. Furthermore, for diversity purposes, the Ninth Circuit has held that a "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]) (internal quotation marks omitted). Plaintiff's conclusory allegation as to the citizenship of defendants' respective members is insufficient to properly plead diversity jurisdiction.

    Moreover, the amount in controversy must exceed $75,000, exclusive of costs. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2780 FMO (JPRx) | Date | **April 7, 2020** |
|---|---|---|---|
| Title | The Film Arcade, LLC v. OA Acquisitions LLC, <u>et</u> <u>al.</u> | | |

§ 1332(a).  "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." <u>Rainero v. Archon Corp.</u>, 844 F.3d 832, 840 (9th Cir. 2016) (quoting <u>NewGen, LLC v. Safe Cig, LLC</u>, 840 F.3d 606, 613-14 (9th Cir. 2016)).  With respect to the amount in controversy, plaintiff makes the bare allegation that "the amount in controversy exceeds $75,000[,]" (Dkt. 1, Complaint at ¶ 1), but the court has concerns as to whether the true amount in controversy meets the $75,000 threshold.  <u>See</u> 28 U.S.C. § 1332(a).

      Based on the foregoing, IT IS ORDERED that no later than **April 17, 2020**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above.  The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order**.  <u>See</u> Fed. R. Civ. P. 41; <u>Baeza v. Baca</u>, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388-89 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |